UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PINE STREET REALTY CORPORATION,<br>　　　　　　Plaintiff,<br><br>v.<br><br>GEORGIA MAE BELLANGER ET AL,<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 03-12617-RGS |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, SUPERIOR COURT DEPARTMENT, NORFOLK COUNTY

This is an in rem equitable action to quiet title arising under the laws of the Commonwealth of Massachusetts concerning a parcel of land in Canton, Massachusetts (the "Locus"). Pine Street Realty Corporation (Pine Street) commenced this action in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County (hereafter "Norfolk County Superior Court") in 2001. Plaintiff's Second Amended Complaint prays for a declaratory judgment Plaintiff is the owner in fee simple of the Locus premises, which is described in Paragraph 79 of the Second Amended Complaint and as shown on the plan appended thereto and marked Exhibit "A".

Pine Street seeks to quiet title pursuant to Mass. G.L. C. 240, §§ 6, 7, 8 and 10. Chapter 240 is entitled "Proceedings For Settlement of Title to Land". Sections 6, 7, 8 and 10 are in a sub-section of the Chapter entitled "Suits in Equity to Quiet Title."

Plaintiff Pine Street derives its title from a deed granted to one of Pine Street's predecessors in August, 1962, and received and recorded its own deed in October, 1968. The Second Amended Complaint alleges Defendants do not have documented title. Pine Street alternatively contends it holds title by adverse possession.

Plaintiff's Second Amended Complaint identifies 79 named defendants; falling into four classifications, being (1) defendants who are identified as heirs, assigns or devisees of an identified person known to be deceased; (2) parties owning either abutting property or property directly across the street from the Locus parcel; (3) the heirs, assigns, devisees and legal representatives of parties in the previous classifications; and, (4) the Massachusetts Department of Revenue ("DOR"); and the United States of America ("USA"). All of the defendants, other than the DOR and USA, are persons who are believed to have a potential claim of title to the Locus and/or persons who own parcels abutting the Locus and who were joined in the action at the request of the Norfolk County Superior Court.

The DOR and the USA were joined as defendants because three individuals who could have had an interest in the Locus premises, Milton Babcock, Willard F. Rand and Etta G. Langill, died within the past ten years and whose interests in the Locus, if any, are subject to possible Federal and Massachusetts estate taxes.[1] Neither the DOR nor USA have filed a lien

---

[1] Milton Babcock died on Feb. 6, 1997, Second Amended Complaint, Paragraphs 110-112. His interest, if any, derives as a descendant of Jeremiah Fenno, Second Amended Complaint at Paragraphs 89-92.

Willard F. Rand died on Feb. 7, 1997, Second Amended Complaint, Paragraphs 142-143. His interest derives as possible heir of Mary Rand, as Mary Rand is a descendant of Jeremiah Fenno, Second Amended Complaint at Paragraphs 140-141. The Will of Jeremiah Fenno, who died in 1928, identifies a Mary Rand of Pembroke, New Hampshire. Public record research includes a person named Mary Rand who died in 1971 domiciled of Norfolk County, Massachusetts, which is the County situs of the Locus property. The USA cannot assert a claim for estate taxes under the instant matter until it first establishes the Mary Rand who is a descendant of Jeremiah Fenno had an interest in the Locus parcel AND establishes she and the Mary Rand who died domiciled in a different home state 43 years later are one and the same.

Etta G. Langill died on Oct. 28, 1997, Second Amended Complaint, Paragraph 173. She did not have claim to an interest in the Locus premises. She is listed in the Second Amended Complaint as she owned a fractional interest in property adjacent to the Locus property, Second Amended Complaint, Paragraphs 160-173. Owners of properties adjacent to or directly across the street from the Locus property were added into Plaintiff's Second Amended Complaint at the Order of The Norfolk County Superior Court as a method for establishing clear boundaries between the Locus parcel and its abutters as the most recent public record property description for the Locus property does not refer to a recorded plan.

against the premises, nor has either sought to establish the value of the decedents' estates is over the statutory threshold which requires the payment of estate taxes. Both the DOR and USA's claims, if any, are in the nature of cross-claims against the named defendants whose predecessors in interest died within the last ten years, and cannot be maintained until the title interests, if any, of these parties are established.

On December 30, 2003, the USA removed this case to this Honorable Court. The pleadings filed by the USA omit an Exhibit "A" plan appended to Plaintiff's Second Amended Complaint filed in Massachusetts Superior Court for Norfolk County, which is the only document identifying the Locus parcel. The pleadings filed by the USA include a Certificate of Service showing the Notice of Removal was served on Plaintiff's two counsels; all counsel who had previously filed appearances; the DOR; and, the Massachusetts Superior Court appointed Guardian ad Litem. The USA's pleadings do not include a Certificate of Service on the vast majority of the USA's co-defendants who have not filed an answer or appearance, nor an attempt to serve the many defendants whose last known and usual place of abode is unascertainable, nor has the USA filed a Motion to appoint a Guardian ad Litem to represent those parties for whom service of process has not or cannot occur.

The Massachusetts Superior Court for Norfolk County has subject matter and personal jurisdiction over the claims and over the USA and all other defendants. This is an equitable in rem proceeding based on Massachusetts statutes and case law precedents.

Pine Street has moved to remand this action to the Norfolk County Superior Court, because (1) the Massachusetts Superior Court for Norfolk County has original subject matter jurisdiction, and (2) the USA has failed to comply with the requirements for removal. For the reasons stated below, Pine Street respectfully requests this case is remanded to the Norfolk County Superior Court.

## ARGUMENT

Basis for Remand

The USA claims a right to remove the present case to this Honorable Court pursuant to 28 U.S.C. §§ 1441, 1442 and/or 1444. However, §§ 1441 and 1442 do not authorize removal of this action, and the USA's pleading regarding § 1444 are defective.

A.    Removal Pursuant To Sections 1441 And 1442 Do Not Apply To The Case At Bar.

Neither §§ 1441 nor 1442 authorize this removal. Section 1441 authorizes removal generally in cases in which the District Courts of the United States have original jurisdiction. Pine Street could not have brought the present case in this Honorable Court. This is an equitable action seeking a declaratory judgment Plaintiff is the fee simple owner of property for which it received and recorded a Deed in 1968. It does not seek monetary awards. It is not based on diversity or federal question jurisdictional principles. Moreover, Pine Street could not have filed this case in this Honorable Court without violating the Commonwealth of Massachusetts' Eleventh Amendment immunity against a third party suit in Federal Court. Plaintiff's Second Amended Complaint is based on Massachusetts land ownership statutory remedies set forth in Massachusetts General Laws, Chapter 240, §§ 6, 7, 8 and 10 and is based on over 300 years of Massachusetts case law precedents regarding adverse possession.

Section 1442 is also inapplicable to this action. Section 1442 pertains to suits against federal officers. No federal officer is named as a defendant in this action. The USA is named as a party only because the Second Amended Complaint identifies persons who died within the last 10 years. The USA, at best, holds a statutory right which cannot rise to an inchoate or actual lien unless the USA first establishes both the decedents owned vested interests in the Locus parcel AND the value of their gross estates exceeds the Federal threshold for calculating Federal Estate tax payments due. Both outcomes are first required before the USA could calculate whether the deaths of 3 persons in an action involving 79 Defendants results in a claim for payment of Federal estate taxes.

B. <u>Removal Pursuant to Section 1444 is Defective in the Case at Bar.</u>

Section 1444 allows removal of cases arising under § 2410, which states in pertinent part:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter-- (1) to quiet title to... real or personal property on which the United States has or claims a mortgage or other lien.

However, the USA's pleading pursuant to § 1444 is defective, and therefore this case must be remanded to Massachusetts Superior Court for Norfolk County.

Pursuant to 28 U.S.C. § 1447, a motion to remand a removed case may be raised in the district court within 30 days after the filing of a notice of removal. A defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction. <u>Durant v. Sericemaster Co. Trugreen, Inc.</u>, 147 F. Supp. 3d 744, 747 (E.D. Mich. 2001). The notice of removal is to be strictly construed, with all doubts resolved against removal. <u>Id.</u> (citing <u>Coyne v. American Tobacco Co.</u>, 183 F.3d 488, 493 (6th Cir. 1999); <u>Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit</u>, 874 F.2d 332, 339 (6th Cir. 1989).

The procedure for removal is controlled generally by 28 U.S.C. § 1446. Failure to comply with the requirements of § 1446 generally constitutes an adequate ground for remand to state court. <u>Shadley v. Miller</u>, 733 F.Supp. 54, 55 (E.D. Mich. 1990).

28 U.S.C. § 1446(d) mandates that

> (p)romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

Section 1446(d) does not specify what prompt means, but the section has been construed to anticipate notice being provided within a few days. See <u>Sommers v. Abshire</u>, 186 B.R. 407

(E.D. Tex. 1995) ("Certainly the receipt of written notice a few day [sic] after the removal satisfies the promptness requirement.")

In an action to quiet title removed by the United States, the other defendants in the case are adverse parties within the meaning of § 1446. See Thorpe v. Daugherty, 606 F.Supp 226, 227-28 (N.D. Ga. 1985) (citing 1A J. Moore & B. Ringle, Moore's Federal Practice . 0.168 [.3-8-2] n. 7 (2d ed. 1983)). This is axiomatic, because the success or failure of any one such defendant's claim necessarily either expands or contracts the relative values of all other such defendants.

The certificate of service filed by the USA together with its notice of removal does not show service on most of the other defendants in this action. Consequently, the removal is defective. Moreover, because such notice must be promptly provided to the other defendants, the defect cannot be cured and the case must be remanded to the Norfolk County Superior Court.

C. <u>Removal as Against Co-Defendant DOR is Improper Under the Eleventh Amendment.</u>

The Eleventh Amendment provides state immunity against suit brought in the Federal Court system by a third party. Maintaining this case without remand to Norfolk Superior Court requires Plaintiff Pine Street violates the Constitutional right of the Commonwealth of Massachusetts. See Horizon Bank and Trust Co. v. Flaherty, D. Mass. No. 03-11524-WGY (Jan. 13, 2004) (Memorandum and Order Dismissing DOR on sovereign immunity grounds, where case had previously been removed to this Honorable Court pursuant to 28 U.S.C. § 1444).

A noted above, Pine Street brought this equitable action to quiet title to the Locus. Insofar as the DOR has a potential claim affecting Pine Street's title, Pine Street cannot quiet title without the DOR being a party to this action. In the absence of the DOR, Pine Street cannot obtain the very relief, obtaining clear title, for which it brought this action. Thus, the DOR is both immune from suit in this forum and is also a manifestly necessary party in this case.

Pine Street brings this motion to remand pursuant to 28 U.S.C. § 1447. This is a motion for full remand and not bifurcation as case law holds § 1447 does not authorize partial remand. Wilson v. New York Terminal Warehouse, Inc., 398 F. Supp. 1378, 1383 (M.D. Ala 1975). As this Honorable Court cannot maintain Pine Street's suit against the DOR, and as § 1447 does not allow for partial remand, the case must be remanded in full to the Norfolk County Superior Court.

## CONCLUSION

The interests of justice will be served by a remand. This matter arises under state law and involves primarily Massachusetts parties. The USA's interest in this case is tenuous at best. Indeed, the USA will have no actionable interest in this matter whatsoever if Pine Street prevails on its claim of title. Even if Pine Street does not prevail in toto, the USA will have no actionable interest unless the specific defendants subject to its lien can establish their particular interest in the Locus. Insofar as the USA has not yet filed an answer, it is questionable whether the USA in fact has any actionable lien even against these limited parties. Moreover, remand is required as Pine Street cannot maintain suit against the DOR in this forum  There is no rational purpose to continuing the litigation in this forum.

Respectfully submitted:

Date: January 27, 2004

PINE STREET REALTY CORPORATION,
By its attorneys,

_____
Lisa J. Delaney BBO 550158
CARVIN & DELANEY LLP
P.O. Box 850991
Braintree, MA 02185
(781) 848-4140

Michael J. Markoff BBO #547590
P.O. Box 212
Falmouth, MA 02541
(508) 548-5500